

**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

JUSTIN A. CALABRESE
PARTNER
(516) 357-3565
justin.calabrese@rivkin.com

January 3, 2018

**By ECF**
Honorable Cheryl L. Pollak
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Government Employees Insurance Co., et al. v. Lenex Services, Inc., et al.*
            Docket No. 16-cv-06030(LDH)(CLP);   RR File No.: 5100-02270

Dear Magistrate Judge Pollak:

We write on behalf of Plaintiffs ("GEICO" or "Plaintiffs") pursuant to Local Civil Rule 37 and Fed. R. Civ. P. 45(d)(3)(A) to request a protective order and/or to quash subpoenas served by Defendants Lenex Services, Inc., Alexander Blantz, Gala Trading, Inc. and Igal Blantz (collectively, "Defendants") seeking the depositions of Louis Caniglia, Jr. ("Caniglia, Jr.") and Louis Caniglia, Sr. ("Caniglia, Sr."). As outlined below, Defendants have no legitimate basis for seeking the depositions of either Caniglia, Jr. or Caniglia, Sr.

First, service of the subpoenas is a back-door attempt by Defendants to improperly seek information that was previously requested in counsel's Fed. R. Civ. P. 30(b)(6) Notice that was objected to by GEICO, and currently the subject of a Motion for a Protective Order pending before this Court. See Docket Entry Nos. 63-64. Based on this alone, the Court should quash the subpoenas.

Second, the Defendants seek information that is completely irrelevant to this lawsuit. The Defendants seek to question Caniglia, Jr. and Caniglia, Sr. regarding a lawsuit – having nothing to do with this case – that was initiated against GEICO regarding whether GEICO SIU investigators were misclassified as exempt employees under the Fair Labor Standards Act ("FLSA"). See Docket Entry No. 65 at Exhibit "B". The irrelevancy of the issues is reinforced by the fact that neither Caniglia, Jr. nor Caniglia, Sr. were named plaintiffs in the collective action nor substantively participated – they simply signed consent forms to join an FLSA collective action.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

Third, the Defendants have made the ridiculous assertion that they are entitled to conduct the depositions of Caniglia, Jr. and Sr. because they are father and son, and because GEICO's Complaint alleges that father and son, Alexander Blantz and Igal Blantz, conspired to commit fraud against GEICO.

The Defendants served Caniglia, Jr. and Caniglia, Sr., along with Theresa Koscik ("Ms. Koscik"), with subpoenas seeking their testimony. (Copies of the subpoenas issued to Caniglia, Jr. and Caniglia, Sr. are annexed as Exhibit "A.") GEICO served written objections to the subpoenas but initially agreed to produce Ms. Koscik and Caniglia, Sr., both of whom are medical investigators, based on the belief that they both were involved in GEICO's investigation of Lenex. To that end, GEICO agreed to produce Ms. Koscik on January 15, 2018 however, after discussions with Caniglia, Sr., it became clear that Caniglia, Sr. was never tasked to conduct any investigation on behalf of GEICO regarding services rendered by Lenex, Gala or any of the Defendants. Similarly, Caniglia, Jr. has no relevant information to this case as he is not even a medical investigator. See Exhibit "B" – Affidavit of Louis Caniglia, Jr.

The Defendants' counsel apparently identified Caniglia, Jr. and Caniglia, Sr. as witnesses simply because their names are referenced in some of the individual claim investigation files produced by GEICO (however none of these files demonstrate that Caniglia, Sr. actually investigated any claims submitted by Lenex) and because these individuals were opt-in plaintiffs in the wholly unrelated collective action. While their names do appear in GEICO's files, many other names appear in those files as well. Tellingly, the Defendants' counsel has not articulated any relevant basis to question Caniglia, Jr. or Caniglia, Sr. on matters regarding the Defendants; no doubt because neither one was tasked with investigating the Defendants. Instead, the Defendants' counsel has made clear he is seeking the depositions of Caniglia, Jr. and Sr. for primarily illegitimate reasons that are irrelevant to any of the parties' claims or defenses. Notably, this is confirmed by the following writing issued by Defendants:

- "Given recent information that I have obtained, I believe that Louis Canaglia Jr, is a proper witness in this case, whether or not he participated in this particular investigation."

- "First, an individual with the same name appears throughout in your SIU Discovery, there is no differentiation between Jr. or Sr. in the SIU Discovery that I have seen, so I am entitled to inquire despite your representation that Jr was not involved."

- "Second, both Louis Canaglia Jr and Sr have joined in a [District of Maryland] lawsuit against GEICO alleging, inter alia, bad faith practices, and failure to keep, make and/or preserve records, as part of GEICO's underlying scheme to avoid paying monies due to its SIU Department personnel, to wit, the Father and Son, Canaglias."[1]

---

[1] While the District of Maryland Complaint uses terms like "willful" or "bad faith," for purposes of trying to extend the FLSA statute of limitations, the allegations made there are irrelevant to any defendants in this case or to GEICO's investigations. Defendants' attempt to cherry-pick words or phrases from the Complaint case does not change this conclusion.

- "Third, is it true that you are claiming in your Complaint against my clients that due in part to their Father and Son relationship that certain information possessed by one is imputed by the other? If that is part of your theory, why would I not be permitted to inquire as to a Father and Son familial and working relationship within the SIU Dept. of GEICO, particularly when both father and son are suing (or have sued) GEICO as described above?"

(Copies of e-mails exchanged during the parties' meet and confer are annexed as Exhibit "C.")

Information is discoverable only if it is relevant to any party's claim or defense and is proportional to the needs of the case. Fed R. Civ. P. 26(b)(1), see also, Knight v. Local, 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016)("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."); Allstate Ins. Co. v. A & F Med. P.C., 2016 U.S. Dist. LEXIS 168554, *10 (E.D.N.Y. Dec. 6, 2016). A party issuing a subpoena must establish that "the discovery it seeks is both relevant and proportional in accordance with Rule 26's over-arching relevancy requirement." Neogenix Oncology, Inc. v. Gordon, 2017 U.S. Dist. LEXIS 49293, *28 (E.D.N.Y. Mar. 31, 2017). Since the depositions of Caniglia, Jr. and Caniglia, Sr. will not elicit any relevant or material information related to any claims or defenses in this matter, the Court should grant GEICO's motion to quash the subpoenas. The DME Defendants have asserted no counterclaims in this case – and neither GEICO's state of mind nor the legality of its investigation is at issue here.

A court can also, issue an order to protect a party or person from undue burden. See Fed. R. Civ. P. 26(c)(1). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." Libaire v. Kaplan, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011). Here, the time and resources necessary to prepare and attend the depositions (the Caniglias reside in Rockland County), counsel fees, and the resources required to be allocated and diverted to cover the Caniglias' daily responsibilities as GEICO investigators, all outweigh the benefit of any need by the Defendants for this irrelevant and immaterial testimony. See Solomon v. Nassau County, 274 F.R.D. 455, 459 (E.D.N.Y. 2011).

The wholly irrelevant nature of the information sought, coupled with the undue burden imposed on GEICO, requires that the subpoenas be quashed. This conclusion is reinforced by the fact that the topics that Defendants are seeking to address through these subpoenas are currently the subject of a motion for a protective order pending before this Court.

Finally, the DME Defendants' counsel should be required to reimburse Plaintiffs for their counsel fees and costs associated with this motion pursuant to 28 U.S.C. §1927 in light of the total lack of legitimacy associated with the discovery sought and the refusal of counsel to justify its completely meritless claims. See KGK Jewelry LLC v. ESDNetwork, 2014 U.S. Dist. Lexis 38630, at *13-19 (S.D.N.Y. Mar. 21, 2014). Despite GEICO's efforts to explain to Defendants and their counsel that the testimony sought is irrelevant to this case and is clearly intended to harass and cause unnecessary and undue burden on GEICO, the DME Defendants still seek the unreasonable depositions and therefore should be sanctioned for their conduct.

Page 4

                                          Respectfully submitted,

                                          RIVKIN RADLER LLP

                                          Justin A. Calabrese

JAC:cr